# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KIMBERLY SHAY RIVERS,**

**Plaintiff,**

-vs-                                                                                     Case No.  6:10-cv-1214-Orl-31GJK

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Plaintiff Kimberly Shay Rivers (the "Claimant") appeals to this court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. *See* Doc. No. 1.  The Claimant maintains she became disabled on September 16, 2007, due to her myotonic dystrophy. R. 125.  At the administrative level, the Commissioner denied the Claimant's applications, finding that she is not disabled. R. 1-22.  For the reasons set forth below, it is recommended that the Commissioner's decision be **REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g)**.

## I.   MEDICAL HISTORY

On September 28, 1994, a myotonic dystrophy mutation analysis performed on the Claimant revealed a diagnosis or predisposition for myotonic dystrophy. R. 200-01.

On December 5, 2007, Dr. Alvan Barber, M.D., performed a consultative medical examination of the Claimant at the request of the Office of Disability Determinations. R. 207-10.

Dr. Barber noted that the Claimant's symptoms were decreased muscle tone in her left leg, locking of her fingers, falling easily, and she experiences weakness, difficulty getting up and down, decreased balance and needs assistance to push herself up from a sitting position. R. 207. The Claimant stated that she can walk and stand approximately two (2) hours, sit two (2) hours, and lift approximately ten (10) pounds. *Id.* Dr. Barber noted weakness, fatigue and chronic muscle and joint pain. R. 208.  He indicated that the Claimant walked with difficulty with a left limp, and was unable to tandem walk, walk on toes, walk on heels, or squat. R. 209.  Dr. Barber opined:

> Physical examination reveals [C]laimant could be limited in walking and standing for long periods of time.  Claimant could be limited in lifting and carrying heavy objects.  Symptoms could limit the [C]laimant to activities that require the use of upper body movements and coordinated activities with hands.

R. 210.

On December 20, 2007, Audrey Goodpasture, M.D., completed a physical residual functional capacity ("RFC") assessment based solely on the Claimant's medical records. R. 215-22.  Dr. Goodpasture opined that the Claimant could occasionally lift 20 pounds and frequently 10 pounds; stand and/or walk at least 2 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday and push and/or pull with limits in the lower extremities. R. 216.  Dr. Goodpasture indicated that the Claimant can frequently stoop, kneel and crawl; occasionally climb a ramp or stairs, balance and crouch; and never climb ladders, ropes or scaffolds. R. 217.  She stated that the Claimant should avoid concentrated exposure to hazards, such as machinery and heights. R. 219.  Dr. Goodpasture indicated that the Claimant was credible. R. 220.

On February 19, 2008, Nicolas Bancks, M.D., completed a RFC assessment based solely on the Claimant's medical records. R. 223-30.   Dr. Bancks opined that the Claimant could occasionally lift 20 pounds, frequently 10 pounds; stand and/or walk at least 2 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday and push and/or pull with limits in the lower extremities. R. 224.   Dr. Bancks indicated that the Claimant can frequently stoop and kneel and occasionally climb, balance, crouch and crawl. R. 225.   He stated that the Claimant should avoid concentrated exposure to hazards, such as machinery and heights. R. 227.   Dr. Bancks opined that the Claimant was partially credible. R. 228.

On April 11, 2008, the Claimant began treating with Michael J. Creamer, D.O. R. 259-63. The Claimant reported to Dr. Creamer that she has experienced progressive weakness since her diagnosis of myotonic dystrophy. R. 259.   The Claimant complained of diffuse joint pain and muscle weakness with difficulty in prolonged ambulatory activities.   *Id.*   She indicated that she had been able to maintain her usual activities, but noted progressive weakness in the upper and lower extremities and diffuse muscle soreness.   *Id.*   She reported that her pain was a level 7 on a scale from 1 to 10. R. 261.   Dr. Creamer noted that the Claimant's range of motion was within functional limits in the upper and lower extremities. R. 260.   Her muscle strength was 4 out of 5 throughout the upper and lower extremities with difficulty releasing grasp.   *Id.*   He indicated that the Claimant was able to rise from a seated position, but was unable to ambulate on her heels and toes.   *Id.*   He gave the following impression:  "Myotonic muscular dystrophy with progressive weakness throughout the bilateral upper and lower extremities, limiting daily activities."   *Id.* The Claimant continued to see Dr. Creamer through October 7, 2009.   R. 248-58.   The

Claimant's pain level ranged from 4 to 8 on a scale from 1 to 10 during these visits, but was predominately at a level 6. *Id.*

On February 17, 2010, Dr. Creamer completed a questionnaire regarding the Claimant, wherein he indicated the following symptoms and limitations were reasonably consistent with the medical signs and findings that he had observed:

- The inability to lift 10 pounds frequently or repeatedly eight hours a day five days a [week] due to decreased muscle strength in her hands secondary to myotonic muscular dystrophy.

- The inability to handle objects using her hands and wrists eight hours a day five days a week due to decreased muscle strength, rigidity and atrophy of the muscles of the hands and wrists secondary to myotonic muscular dystrophy.

- Daytime sleepiness due to interrupted sleep patterns secondary to myoclonic muscular dystrophy.

- The need to take frequent breaks every two hours for at least 15 minutes per break due to weakness and fatigue secondary to myoclonic muscular dystrophy.

- The inability to perform any activity eight hours per day five days per week on a reliable and sustained basis.

- Based upon a review of the medical records, the patient history provided by [Claimant] and the level of severity of the impairments which were diagnosed upon examination, . . . the above impairments and limitations [have] existe[ed] since [Claimant's] reported onset date of September 16, 2007.

R. 198.

## II.   ADMINISTRATIVE PROCEEDINGS

On October 1, 2007, the Claimant filed an application for a period of disability, disability insurance benefits and supplemental security income alleging disability as of September 16, 2007. R. 97-106.  On November 3, 2009, Administrative Law Judge Charles R. Howard ("ALJ")

held an administrative hearing. R. 27-52. The Claimant and a vocational expert ("VE"), Robert

C. Bradley, testified at the hearing. *Id.*

On December 14, 2009, the ALJ issued a decision finding that Claimant is not disabled.

R. 14-22. The ALJ made the following significant findings:

1. The [C]laimant has the following severe impairment: myotonic muscular dystrophy (20 CFR 404.1520(c) and 416.920(c)). R. 16.

2. The [C]laimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). R. 17.

3. After careful consideration of the entire record, the undersigned finds that the [C]laimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The [C]laimant is limited to no more than occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, or crawling; and never climbing ladders, ropes, or scaffolds. The [C]laimant can have no concentrated exposure to hazards. R. 17.

4. After careful consideration of the evidence, the undersigned finds that the [C]laimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the [C]laimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above mentioned RFC assessment. The objective evidence and course of treatment regarding the [C]laimant's medical condition are not consistent with the [C]laimant's allegations of total disability. R. 18.

5. The [C]laimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). R. 20.

6. Considering the [C]laimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the [C]laimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). R. 21.

In determining the Claimant's RFC, the ALJ gave great weight to the opinions of Dr. Barber and the state agency physicians. R. 19.  The ALJ did not state what weight, if any, he gave the opinions of Dr. Creamer, the Claimant's treating physician.

Upon request by the Claimant, the Appeals Council indicated that it received and considered the additional evidence, including Dr. Creamer's February 22, 2010 questionnaire, but it denied review of the ALJ's decision. R. 1-3.  On August 16, 2010, Claimant filed an appeal before this Court.  Doc. No. 1.

## III.   LEGAL STANDARDS

### A.   THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 CFR §§ 404.1520(b), 416.920(b).   At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c).  Step three involves the determination whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e).  Next, the ALJ must determine at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f),

416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  At the last step of the sequential evaluation process, step five, the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. 20 CFR §§ 404.1520(g), 416.920(g).

### B.      THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla —  i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause.  42 U.S.C. § 405(g)(Sentence Four).  To remand under sentence four, the district court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence.  *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984).  A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C.

§ 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[1]

## V.   ANALYSIS

### A. WHETHER THE ALJ ERRED IN DETERMINING THE CLAIMANT'S RFC AND CONSIDERING THE OPINION EVIDENCE

Claimant maintains that the ALJ failed to "state what weight" he gave Dr. Creamer's opinion that the Claimant's myotonic dystrophy caused progressive weakness in her hands and limited her daily activities. Doc. No. 13 at 6. In addition, the Claimant maintains that the Appeals Council erred by not reviewing the "new and material evidence" of Dr. Creamer's February 17, 2010 questionnaire, which was a more detailed assessment of the Claimant's ability to perform work activity, particularly considering the increased weakness in the Claimant's hands. *Id.* at 9.

The ALJ did not weigh the April 11, 2008 opinion of Dr. Creamer, which alone is reversible error. *See Winschel v. Commissioner of Social Security*, -- F.3d --, 2011 WL 198372 at *2 (11th Cir. Jan. 24, 2011); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *Lewis v. Callahan*, 125 F.3d 1436, 1439 - 1441 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *Sabo v. Comm'r of Social Security*, 955 F. Supp. 1456, 1462 (M.D. Fla.

---

[1] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

1996); 20 C.F.R. § 404.1527(d).  In addition, the Appeals Council's denied review of the

Claimant's case despite Dr. Creamer's more detailed February 17, 2010 questionnaire.  In that

questionnaire, Dr. Creamer offered a more expansive opinion regarding the Claimant's

symptoms and limitations due to her myotonic muscular dystrophy. R. 198.  When a plaintiff

submits additional evidence to the Appeals Council, a reviewing court must consider whether the

new evidence renders the denial of benefits erroneous.  *Ingram v. Comm'r*, 496 F.3d 1253, 1262,

1266 (11th Cir. 2007).  20 C.F.R. § 404.970(b) states:

> If new and material evidence is submitted, the Appeals Council shall consider
> the additional evidence only where it relates to the period on or before the date
> of the administrative law judge hearing.  The Appeals Council shall evaluate
> the entire record including the new and material evidence submitted if it relates
> to the period on or before the date of the administrative law judge decision.  It
> will again review the case if it finds that the administrative law judge's actions,
> findings or conclusion is contrary to the weight of the evidence currently of
> record.

20 C.F.R. § 404.970(b).  Thus, the Appeals Council must review the entire record in conjunction

with the newly submitted evidence and determine if the ALJ's decision is supported by the

weight of the evidence.

In this case, the Court is unable to determine whether the new evidence submitted to the

Appeals Council would render the ALJ's decision erroneous because the evidence was never

weighed.  The additional evidence submitted was from the Claimant's treating physician, which

absent good cause, must be accorded substantial or considerable weight.  *Lamb*, 847 F.2d at

703.[2]  Dr. Creamer's February 17, 2010 medical opinion was more limiting than that determined

---

[2] In *Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005), the court stated:
> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence;
> (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or
> inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41
> (11th Cir. 2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.

by the ALJ because the ALJ found that the Claimant was capable of performing a full range of sedentary work. R. 17, 198. Dr. Creamer noted that the Claimant was unable to lift 10 pounds frequently or repeatedly and handle objects using her hands and wrists eight hours a day, five days a week due to decreased muscle strength, rigidity and atrophy of the muscles in her hands and wrists. R. 198.  He indicated that the Claimant will need to take frequent fifteen minute breaks every two hours due to her weakness and fatigue and she would not be able to perform work activity on a reliable and sustained basis. *Id.*  Dr. Creamer indicated further that the level of the Claimant's severity of impairments existed since the Claimant's onset date of disability. *Id.*

The only other opinion evidence of record is that of Dr. Barber, a one-time consulting physician, and the opinions of the State agency physicians.  The opinion of a one-time examining physician is not entitled to deference, especially when it contradicts the opinion of a treating physician.  *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (opinions of one-time examiners are not entitled to deference because they are not treating physicians).  Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).  Therefore, it is recommended that the case be remanded to the ALJ for consideration of Dr. Creamer's opinions.

## B.  REMAND

The Claimant requests that the Commissioner's decision be reversed with a finding of disability and an award of benefits or, in the alternative, remanded for further proceedings. Doc. No. 13 at 16.  A remand for an award of benefits is appropriate only where the evidence establishes without any doubt that the claimant was disabled. *See Bowen v. Heckler*, 748 F.2d

---

1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).
*Id.*

629, 631, 636-37 (11th Cir. 1984). In this case, the Court is unable to conclude that the Claimant is disabled without any doubt. Accordingly, it is recommended that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## VI.     CONCLUSION.

Based on the forgoing, the undersigned recommends that the Court:

1.  **REVERSE and REMAND** the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) because the decision is not supported by substantial evidence;[3] and

2.  Direct the Clerk to enter judgment in favor of the Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 24, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Report and Recommendation to:

---

[3] Because the undersigned recommends that the Court find that the final decision of the Commissioner is not supported by substantial evidence, it is unnecessary to address the other issues raised by the Claimant.

Richard A. Culbertson, Esq.
Law Office of Richard A. Culbertson
3200 Corrine Dr.
Orlando, FL     32803

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable Charles R. Howard
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida   32256-1224